UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60126-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

JANICE ELEANOR TURNER and
KISEAN PAUL ANDERSON, a/k/a
SEAN KINGSTON,

        **Defendants.**
_____/

## UNITED STATES' RESPONSE IN
## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### Introduction

    This Court should deny the Defendants' Motion to Dismiss or Alternatively to Conduct Discovery and Request for Evidentiary Hearing Due to Vindictive and Selective Prosecution (the "Motion"), ECF No. 39, because (1) there is no legal or factual basis supporting a "selective" prosecution claim where the Defendants have not asserted that they are being prosecuted based on a personal, immutable characteristic, like race or religion, or that they are being prosecuted for a constitutionally protected act; (2) the Defendants' reliance on the Department of Justice's "Petite Policy," Justice Manual 9-2.031, is misplaced because it is generally inapplicable without a prior conviction or acquittal of the Defendants based on the same conduct; and (3) AUSA Anton's assignment to the case is not indicia of vindictive or selective prosecution where AUSA Anton has worked as an Economic Crimes prosecutor in Fort Lauderdale for many years, he continues to prosecute financial crimes, and there is no plausible basis to claim that the charges against Defendant Turner are unwarranted, unfair, or overreaching where she is accurately charged with a $1,000,000 wire fraud conspiracy.

Because the Defendants' theory to dismiss the Indictment and request discovery and evidentiary hearing is both legally and factually erroneous, the United States respectfully asks the Court to deny the Motion in its entirety.

## Procedural History

On May 20, 2024, a state arrest warrant for Defendant Turner and a state search warrant of the Defendants' residence in Southwest Ranches were issued. On May 22, 2024, a state arrest warrant for Defendant Anderson was issued. On May 24, 2024, the Broward County Sheriff's Office executed a search warrant on the Defendants' Southwest Ranches home. The Defendants were ultimately arrested and posted bond on June 4, 2024. No state charging document was filed at that time.

Evidence of the Defendants' fraud supporting their state arrest and search of the Residence was then provided to AUSA Marc Anton by the lead Broward Sheriff's Office detective and the United States Secret Service. The investigation was opened and assigned to AUSA Anton and undersigned counsel in the Economic Crimes Section.[1] AUSA Anton sits in the Fort Lauderdale Branch Office and has a long career prosecuting fraud, including a prior federal case against Defendant Turner as referenced in the Motion. AUSA Anton continues to prosecute fraud cases for the Fort Lauderdale Branch Office, including a current wire-fraud case before this Court and transferred to Senior District Judge James Cohn for trial (No. 23-CR-60225-Liebowitz (Cohn)), as well as other fraud investigations.

On July 12, 2024, a grand jury sitting in the Fort Lauderdale Division of this Court (the

---

[1] Defendants' argument that AUSA Anton's designation as a National Security AUSA is irrelevant, but information explaining his role is provided to aid the Court nonetheless.

2

"Grand Jury") returned an indictment (DE 3) (the "Indictment") charging the Defendants with one count of conspiracy to commit wire fraud, 18 U.S.C. § 1343, and five substantive counts of wire fraud, 18 U.S.C. § 1343, related to their alleged defrauding of various victim merchants throughout the country by using false statements and fraudulent wire transfer confirmation records. The total loss amount is alleged to be over $1,000,000 in merchandise—a substantial loss amount by any measure and one that is worthy of this Office's federal interest.

That same day, AUSA Anton emailed a copy of the Indictment to the Broward County State Attorney's Office and subsequently asked if the State ever filed charges because he did not see any on the state-court docket. AUSA Anton asked whether the State would "no action" any charges that might have been filed but not visible on the docket based on the filed federal Indictment. The State responded in the negative but advised that the State intended to file charges the following week. There was no subsequent correspondence about the State's charges.

On July 22, 2024, ten days after the federal Indictment, the State filed an Information charging the Defendants with organized fraud, criminal use of personal information, and grand theft. *See* ECF No. 39 at 14.

This case is set for trial on March 24, 2025. ECF No. 31.

## ARGUMENT

In sum, the Motion seeks dismissal of the Indictment for vindictive and selective prosecution based on the pending, subsequently filed State charges and AUSA Anton's prior fraud prosecution of Defendant Turner.

The resolution of this Motion is governed by a body of well-established precedent from the Supreme Court and the Eleventh Circuit. As a starting point, the general rule is that "so long as the

3

prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *accord United States v. Armstrong,* 517 U.S. 456, 464 (1996); *see also United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006) ("As a general rule, as long as the prosecutor has probable cause to believe the accused as committed a crime, the courts have no authority to interfere with a prosecutor's decision to prosecute.") (citing *United States v. Cole*, 775 F.2d 748, 757 (11th Cir. 1985) and *United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983)).

Of course, a prosecutor's discretion is subject to constitutional restraints, and using prosecutorial action merely to punish a person for exercising a protected statutory or constitutional right violates due process. *See United States v. Goodwin*, 457 U.S. 368, 372 (1982). However, because "the imposition of punishment is the very purpose of virtually all criminal proceedings," and "motives are complex and difficult to prove," a court will not presume an improper prosecutorial motive except in certain procedural and factual circumstances where "a reasonable likelihood" of such motive exists. *Id.* at 372–73.

While Defendants argue selective and vindictive prosecution in the same breath, they are distinguishable claims. "Selective prosecution occurs when a person is prosecuted based on an immutable personal characteristic, such as race or religion, or in response to some constitutionally-protected act that a person has done prior to the criminal charge being brought against him." *United States v. Brown*, 862 F.2d 1276, 1284 (N.D. Ala. 2012), *aff'd,* 516 F. App'x 872 (11th Cir. 2013). "Vindictive prosecution arises when the severity of the charges against a defendant is increased

4

after the defendant exercises a constitutional right after criminal charges have begun" *Id.* at 1284–85.

If the circumstances create a presumption of vindictiveness, "objective evidence justifying the prosecutor's action" rebuts the presumption. *United States v. Jones*, 601 F.3d 1247, 1260–61 (11th Cir. 2010) (quoting *United States v. Goodwin*, 457 U.S. 368, 376 n.8 (1982)). Once rebutted, a defendant's vindictive prosecution defense will survive only if she can affirmatively demonstrate actual prosecutorial vindictiveness. To establish actual prosecutorial vindictiveness, the defendant has the burden of establishing, by objective evidence: (1) the prosecutor acted with genuine animus toward the defendant; and (2) the defendant would not have been prosecuted but for that animus. *See Barner*, 441 F.3d at 1322 (citing *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001)). "In other words, [a defendant] must show that the government's justification is pretextual." *United States v. Jones*, 601 F.3d 1247, 1261 (11th Cir. 2010).

    a. ***There is no legal or factual basis for a selective prosecution claim.***

"[T]he decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (quoting *Armstrong*, 517 U.S. at 464). "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *Armstrong*, 517 U.S. at 463. Defendants bear a "demanding" burden when seeking to establish that they are being selectively prosecuted in an unconstitutional manner. *Smith*, 231 F.3d at 807 (citing *Armstrong*, 517 U.S. at 464). "In order to dispel the presumption that a prosecutor has not violated equal protection, a

criminal defendant must present clear evidence to the contrary." *Armstrong*, 517 U.S. at 465 (citations and quotations omitted).

Here, the Defendants do not assert any equal protection basis, e.g., that they were prosecuted on a basis of being part of a protected class or some other arbitrary classification, for their claim of selective prosecution. Indeed, there is none. Nor do the Defendants present clear evidence of selective prosecution to carry their demanding burden to support such an allegation. The Defendants are charged for their alleged wire fraud just as any other person would be charged for similar conduct by this Office in Broward County. Accordingly, this Court should deny the Motion as it pertains to a selective prosecution claim.

> b.  ***There is no legal or factual basis for a vindictive prosecution claim.***

There is no legal or factual basis supporting a "vindictive" prosecution claim. First, Defendants' reliance on the Petite Policy as a prima facie basis to infer vindictiveness is misplaced. The Petite Policy "establishes guidelines for the exercise of discretion by appropriate officers of the Department of Justice in determining whether to bring a federal prosecution based on substantially the same act(s) or transactions involved in a *prior* state or federal proceeding." Justice Manual 9-2.031 (emphasis added) **(**citing *See Rinaldi v. United States*, 434 U.S. 22, 27, (1977); *Petite v. United States*, 361 U.S. 529 (1960)). The Policy recognizes that there is no statutory bar for federal prosecution where a defendant's conduct already formed a basis for state prosecution but goes on state that "as to certain offenses, a state judgment of conviction or acquittal on the merits shall be a bar to any subsequent federal prosecution for the same act or acts." *Id.* (citing 18 U.S.C. §§ 659, 660, 1992, 2101, 2117 and15 U.S.C. §§ 80a-36, 1282). The Policy "precludes the initiation or continuation of a federal prosecution, *following* a prior state or federal

prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied." *Id.* (emphasis added). The prerequisites are that (1) "the matter must involve a substantial federal interest"; (2) "the prior prosecution must have left that interest demonstrably unvindicated"; and (3) "applying the same test that is applicable to all federal prosecutions, the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact." *Id.* "In addition, there is a procedural prerequisite to be satisfied, that is, the prosecution must be approved by the appropriate Assistant Attorney General." *Id.* The Policy advises that—in the interest of preserving *law enforcement resources*—a federal prosecutor *should* consult with state counterparts to determine the most appropriate single forum. *Id.*

In *United States v. Spence*, the Eleventh Circuit affirmed the denial of a motion to dismiss related to purported Petite Policy violations and held that "the Department of Justice will invoke the dual prosecution policy, and thereby decline to prosecute, only if a prison sentence has been imposed. It is the nonexistence of a prison sentence, not the defendant's exercise of a procedural right, that makes the policy inapplicable. If no prison sentence exists, regardless of the reason, the policy is inapplicable." 719 F.2d 358, 364 (11th Cir. 1983); *see also Rinaldi v. United States*, 434 U.S. 22, 27 (1977) (stating that the Petite Policy serves the "purpose of protecting the citizen from any unfairness that is associated with *successive* prosecutions based on the same conduct" (emphasis added)).

Here, the Indictment in this case was filed ten days *before* the State chose to proceed with its own charges and there has been no adjudication on the merits of criminal charges for the alleged

7

conduct. And AUSA Anton immediately advised the State about the federal charges to see if the State would not file or would dismiss any of its own charges that were already filed. Because there is no successive federal prosecution, i.e., a federal prosecution following a state conviction, that would necessitate evaluation of the prerequisites or approval by the Assistant Attorney General under the Petite Policy, Defendants reliance on this fact as a basis for vindictive prosecution is baseless. Furthermore, the Defendants provide no legal basis or conflict argument barring the assignment of a federal prosecutor to an investigation involving a previously prosecuted defendant. And there is no inference from the circumstances that show any vindictive intent where the charged conduct is consistent with charges against similarly situated defendants for similar conduct. It is not a state secret that a $1,000,000 scheme to defraud involving victims throughout the country is of interest to this Office and would be prosecuted. Accordingly, this Court should deny the Motion.

Solely for the sake of argument, even if the allegations of the Motion could support a presumption of vindictiveness, the United States voluntarily provides the previously addressed, objective explanation for the timing and decision to bring federal charges.

Because the United States has provided an objective explanation for the charges in the Indictment, "it is incumbent on [Defendant] to demonstrative actual vindictiveness" for this Motion to survive. *Jones*, 601 F.3d at 1261.  The Defendants have not done so.  As courts have observed, establishing actual vindictiveness is "exceedingly difficult" because it requires the defendant to prove animus *and* causation, that is: "(1) the prosecutor wanted to punish the defendant for exercising [their] rights (animus); and (2) the prosecutor's animus caused the prosecutor to bring charges of increased severity (causation)." *United States v. Myrie*, No. 809-CR-572-T-30TGW, 2011 WL 250550, at *3 (M.D. Fla. Jan. 26, 2011).

As to the first element, Defendants have not established animus only conjecture, seemingly deduced from Defendants' assertion that AUSA Anton previously prosecuted Defendant Turner. But Defendant Turner's prior prosecution by the same prosecutor in this case is a consequence of her own recidivism in the same jurisdiction.

Having failed to establish animus, Defendant likewise fails to show causation. There is not a scintilla of evidence in the record that the government's justification is pretextual. *See Jones*, 601 F.3d at 1261. At bottom, the Indictment did not result from actual vindictiveness.

## Conclusion

In sum, the Motion wholly fails because: (1) there is no legal or factual basis to support a selective prosecution claim; (2) there is no presumption of vindictiveness in this case; (3) even assuming there was such a presumption, the government has rebutted it; and (4) Defendants have not established actual vindictiveness. Accordingly, the United States respectfully asks the Court to deny the Motion in its entirety.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: **Trevor C. Jones**
Trevor C. Jones
Assistant United States Attorney
FL Bar No. 92793
299 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL 33301
Telephone No.: (786) 564-9109
Email: Trevor.Jones@usdoj.gov