```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 24-60126-CR-LEIBOWITZ
```

**UNITED STATES OF AMERICA,**
    Plaintiff,
v.

**JANICE ELEANOR TURNER, and**
**KISEAN PAUL ANDERSON, a/k/a**
**"Sean Kingston,"**
    Defendants.
_____/

## ORDER FOLLOWING STATUS CONFERENCE

At the request of counsel for Defendant Turner (James Michael Stark, Esq.), the Court held a hearing Monday, March 17, 2025 (partially under seal to protect attorney-client confidentiality), on James M. Stark's Motion to Withdraw From Further Representation of Defendant Janice Turner [ECF No. 63] ("the Motion"). Being fully advised, having reviewed the submissions and arguments of all parties, and having examined the applicable law, as stated on the record at the hearing it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 63**] is **DENIED**.

The reasons provided for withdrawal, when examined by the Court at the March 17 hearing, were not sufficient to grant the Motion. In fact, during the hearing, Defendant Turner herself stated unequivocally to the Court that she did not want Mr. Stark to withdraw. Moreover, any disputes or concerns that arose regarding discovery that may have been part of the underlying basis

CASE NO. 24-60126-CR-LEIBOWITZ

for the filing of the Motion were resolved in part by the Court through its order directing the Government to provide additional copies of specific items of discovery to defense counsel to ensure that Defendant Turner had a personal copy of these items several days before the start of trial (although the record indicates that these items were provided before the hearing in any event). Defendant Turner's right to counsel of her choice (and again, she stated explicitly that she did not want counsel to withdraw) must be balanced against the needs of fairness and the demands of this Court's calendar.  *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006); *United States v. Coleman*, 256 F. App'x 263, 265 (11th Cir. 2007).

In addition, any disagreements between Defendant Turner and Mr. Stark that may have led to the filing of the Motion are clearly new and not of a nature that requires granting the Motion.  At the final pretrial conference held on March 12, 2025, no issue of any kind was raised.  When asked directly at the March 17 hearing, Mr. Stark agreed that he could continue to provide zealous, ethical counsel to Defendant Turner.  Mr. Stark is an experienced defense attorney who has practiced in this District for decades, and he has represented Defendant Turner in this matter since July 19, 2024 (if not earlier).  In denying the Motion, the undersigned has determined that counsel has been preparing for trial and will represent Defendant Turner effectively and ethically; also,

2

CASE NO. 24-60126-CR-LEIBOWITZ

denying the Motion and proceeding with this long-scheduled trial will best protect Co-Defendant Anderson's right to a speedy trial. *See United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997) (explaining factors to consider when presented with motion to withdraw).

The matter has been specially set for trial for several months, and this Court's schedule accommodated the Defendants' requests in every material respect. On this record, granting the Motion would allow a defendant's right to choose counsel to be converted into a weapon that interferes with the fair administration of justice. Defendant Turner stated that she did not want this outcome, and the Court will not allow such a result. *See United States v. Quesada-Ramos*, 429 F. App'x 909, 912 (11th Cir. 2011).

To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record. The Court awaits giving final rulings on other pending motions and notices provided by the United States [ECF Nos. 49, 50, 59] until defense counsel provides responses later this week.

CASE NO. 24-60126-CR-LEIBOWITZ

**DONE AND ORDERED** in the Southern District of Florida on March 18, 2025.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record