UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60126-LEIBOWITZ/AGUSTIN-BIRCH

UNITED STATES OF AMERICA,

v.

JANICE ELEANOR TURNER and
KISEAN PAUL ANDERSON, a/k/a
SEAN KINGSTON,
      Defendants.
_____/

## DEFENDANTS' OBJECTIONS IN RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF REPAYMENT TO VICTIMS

Defendants respond to the motion in limine of the government to exclude evidence of repayment to victims as follows:

1. The government mistakes the instruction that the jury will receive from the court. In the government's motion they state that the elements of the wire fraud, 18 USC section 1343 are as follows:

    (1) The defendant knowingly devised or participated in a scheme to defraud or to obtain money or property by using false pretenses, representations, or promises:
(citing        11th Cir. Pattern Jury Instruction (crim) 051 (2022)).

2. The government has misstated this instruction, the accurate instruction that this court will give reads as follows:

    (1) "the defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises.

3. The former wire fraud instruction was overruled and changed after the decisions in *Shaw v. United States*, 137 S.Ct. 462 (2016)("the parties agree, as do we, that the scheme must be one to deceive the bank *and* deprive of something of value"). The court then left it to the 9th Circuit

to determine whether that question was fairly presented to that court and, if so whether the instruction is lawful. See <u>Shaw</u> at page 470. In <u>United States v. Miller</u>, 953 F.3d 1095 (9th Cir. 2020). The 9th Circuit answered the question and held that the proper instruction was to "deceive *and* cheat" rather than to "deceive *or* cheat". The 9th Circuit opinion set forth other circuits which have similarly held.

<u>Miller</u> held that "to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money and property by means of these deceptions". In other words, a defendant must intend to deceive *and* cheat. (Emphasis original). See <u>Miller</u> at page 1101.

4. In their motion in limine, the government writes that "the crime is complete once a defendant obtains money or property through knowingly false pretenses or representations, regardless of whether the defendant intended repayment; citing <u>United States v. Morales</u>, 978 F.2d 650, 653 (11th Cir. 1992). <u>Morales</u> is no longer the law based on the <u>Miller</u> and <u>Shaw</u> decisions.

5. <u>Morales</u> was decided in 1992, well before the <u>Shaw</u> and *Miller* <u>decisions</u> changed the wire fraud instructions. The crime is not complete until there is a finding that the defendant can prove intent to deceive and the intent to cause loss or injury as the new 051 jury instruction reads.

6. The cases cited in their motion are all cases decided before <u>Miller</u> and <u>Shaw</u>, cases and of no value, and most are not even wire fraud cases. The jury will be charged that "proving intent to deceive alone, without the intent to cause loss or injury is not sufficient to prove intent to defraud". (See 051 18 U.S.C. Section 1343 (2022)).

7. Defendants alleged that the evidence of repayment under the wire fraud statute should be allowed by the jury to consider that this evidence of the lack of intent to cause loss or

injury and the jury can give it whatever weight (if any) it deserves. The government can argue contrary. Defendants suggest that repayment goes to the weight of the evidence, not admissibility.

8. Alternatively, evidence of repayment by defendants should be permitted unless the government can prove that the defendants were notified and were aware that law enforcement had been notified by the complaining witnesses.

## JURY NULLIFICATION

9. The government's concern over a jury nullification argument by defense counsel is unfounded, and not a basis to exclude evidence of payment.

10. The undersigned has never argued jury nullification, and certainly will not advance any argument in this case that is suggestive of jury nullification, The undersigned is acutely aware of this court imposing severe sanctions and has no intent to make any argument of jury nullification or violating any order of this court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with via e-portal and copied to: Marc S. Anton, AUSA, 500 East Broward Blvd., Suite 700, Ft. Lauderdale, Fl 33394, **marc.anton@usdoj.gov**, Tanya Okun at: **tanya_okun@flsp.uscourts.gov** and to **trevor.jones@usdoj.gov** this 20th day of March, 2025.

Respectfully Submitted,

/s/:   ROBERT A. ROSENBLATT  
THE ROSENBLATT LAW FIRM  
7695 SW 104th Street

/s/:  JAMES M. STARK  
633 S. Federal Highway  
6th Floor

| | |
|---|---|
| Second Floor, Suite 230 | Ft. Lauderdale, Fl 33301 |
| Pinecrest, Florida 33156 | (954) 522-3307 |
| (305) 536-3300 | **jmstarkpa@aol.com** |
| **rosenblattlaw@hotmail.com** | |
| | |
| Attorney for Kisean Anderson | Attorney for Janice Turner |
| a/k/a Sean Kingston | |