UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 0:24-CR-60126

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| JANICE ELEANOR TURNER | ) |
| Defendant. | ) |

**DEFENDANT JANICE ELEANOR TURNER'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

COMES NOW, the Defendant, Janice Turner, and hereby files her Objections to the Presentence Investigation Report ("PSI").

The Defendant, Janice Turner ("Ms. Turner"), was charged and convicted after a jury trial for conspiracy to commit wire fraud, and four counts of wire fraud. All acts in the conspiracy and wire fraud occurred beginning on April 11, 2023, and ending on March 29, 2024.

Ms. Turner was charged along with her son Kisean Paul Anderson. Although the report mentions Mr. Anderson throughout, page two of the PSI report states that there are no codefendants. Ms. Turner requests that Mr. Anderson be

listed as a co-defendant.

## THE OFFENSE CONDUCT

Paragraph six of the PSI lists ten individuals and $2,736,725 as the intended loss of the conspiracy. The actual amount are four individuals, and an intended loss of $964,702.

## BACKGROUND

Ms. Turner objects to paragraph ten. Paragraph ten is inconsistent with the facts in the remainder of the report. The items were either paid or later returned. Further, paragraph eleven states that the items were purchased by Mr. Anderson and Ms. Turner. This is clearly wrong. It is clear that all the items were purchased by Mr. Anderson. None of the items were for Ms. Turner.

### *King Life Group*

Ms. Turner objects to paragraphs twelve, thirteen, fourteen, and fifteen. Ms. Turner does not recall being involved in the purchases listed. The items in paragraph fifteen were pawned by Ms. Turner, but she was not aware they came from King Life Group. Ms. Turner pawned many items for her son, Mr. Anderson, which she did on a regular basis. The pawn at Gables Pawn was paid as agreed until Ms. Turner was remanded without the ability to make payments. Under 1B1.3(a), this conduct was not during the offense of conviction.

### Dream Watch

Ms. Turner objects to paragraphs sixteen, seventeen, eighteen, and nineteen. Ms. Turner was not involved in this transaction. Dream Watch filed suit in California against Mr. Anderson, they did not file suit against Ms. Turner. If she was involved they would have included her in the California suit. Further, under 1B1.3(a), this conduct was not during the offense of conviction.

### Muzel Jewelers, Inc.

Ms. Turner objects to paragraphs twenty through twenty-five in that it fails to mention that the true owner of the watch, Denis, was paid in full.

### Ver Ver Entertainment

Ms. Turner objects to paragraph twenty-six. The evidence at the trial showed that Ms. Turner did not send the purported Novo payment confirmation. The television was for Mr. Anderson, and he retained possession of the equipment, not Ms. Turner.

### Ocean Auto Club

Ms. Turner objects to paragraph twenty-seven. The Cadillac was for Mr. Anderson, and he retained possession until it was seized. Further, the PSI fails to mention that Ocean Auto Club received $75,000 prior to the seizure.

<u>Andrii Nikolenko</u>

Paragraph twenty-eight is not correct. One watch was returned to Mr. Nikolenko and the other watch was returned to the true owner of the watches.

<u>Other Purchases</u>

Ms. Turner objects to the inclusion of paragraph twenty-nine and the corresponding chart. Ms. Turner also objects to paragraphs thirty and thirty-one. The loss amount should be $964,702. Further, payment was made, or the items were returned.

## **ROLE ASSESSMENT**

Paragraph thirty-seven has the wrong intended loss amount and should be corrected accordingly. Again, the items were either paid later or returned. None of the items were for Ms. Turner and Ms. Turner did not retain or use any of the items.

Paragraph forty-nine, *Specific Offense Characteristics 2B1.1*, should be fourteen. The adjusted level in paragraph fifty-three, and total offense level in paragraph fifty-six, should both be twenty-one.

Paragraph sixty, the prior conviction from June 17, 2005, is zero criminal history points. The release date from custody was March 14, 2007. The instant offense started April 11, 2023. The time lapse is more than sixteen years. The United States Sentencing Guidelines Section 4A1.2(e)(1) states in pertinent part

4

that any prior sentence of imprisonment exceeding one year and one month, whenever imposed, gets scored if the defendant was incarcerated during any part of the fifteen-year period prior to the commencement of the instant offense.

Ms. Turner objects to paragraph 100 and would include that the bankruptcy was the result of the COVID-19 pandemic which caused the collapse of Mr. Anderson's business.  During the pandemic, California was on a complete lockdown, with residents required to stay at home.  As a result, Ms. Turner lost her income managing Mr. Anderson.

Paragraph 106 should be offense level twenty-one, and criminal history category I, and an additional two-level reduction as a zero-point criminal history to a offense level of nineteen.  The guideline range is thirty to thirty-seven months.

## **CONCLUSION**

WHEREFORE, the Defendant, JANICE ELEANOR TURNER, by and through her undersigned counsel moves that this Honorable Court sustain the Objections to the PSI and order the report adjusted accordingly.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903
9100 S. Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 373-6400
E-Mail: Bert@hdominguezlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on June 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

    Respectfully submitted,

    HUMBERTO R. DOMINGUEZ, P.A.

    By: /s/ Humberto R. Dominguez
    Humberto R. Dominguez
    Florida Bar No.: 837903
    9100 South Dadeland Boulevard
    Suite 1500
    Miami, Florida 33156
    Telephone: (305) 373-6400
    E-Mail: Bert@hdominguezlaw.com