UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60126-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

JANICE ELEANOR TURNER,

           Defendant.
_____/

**GOVERNMENT'S OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT**

      COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and hereby submits its objections to the Pre-Sentence Investigation Report (PSI), and in support, states as follows:

      On March 28, 2025, the defendant was found guilty by a jury of Counts One, Three, Four, Five, and Six of a six count indictment. Count One charged the Defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Counts Three, Four, Five, and Six charged her with wire fraud, in violation of 18 U.S.C. § 1343.

      Thereafter, a PSI was completed by U.S. Probation (DE 125), and it was determined that the Defendant had a total offense level of 23 and a criminal history category of II, for an advisory guidelines imprisonment range of 51-63 months. However, because U.S. Probation failed to include a 2 point enhancement for Obstruction of Justice under 3C1.1, and additionally failed to apply a 2 point enhancement for 10 or more victims under 2B1.1(b)(2)(A)(i), the Government respectfully objects to the advisory guidelines range as computed by U.S. Probation.

**I.      A 2-point enhancement for Obstruction of Justice is Appropriate under 3C1.1**

Pursuant to § 3C1.1, a 2-level enhancement applies for Obstructing or Impeding the Administration of Justice if (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense . . . ." A pertinent example of covered conduct, for purposes of § 3C1.1, is "committing, suborning, or attempting to suborn perjury . . ." § 3C1.1(n.3(B)).

Here, Defendant Turner willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the prosecution of the instant offense in relation to Defendant Turner's convictions on conspiracy to commit wire fraud and substantive wire fraud counts when she exercised her right to testify at trial and testified, under oath, that she was not guilty of the charged wire fraud crimes because she did not intend to defraud the victims of the conspiracy—a materially false statement. Indeed, twelve jurors necessarily believed that Defendant Turner perjured herself because they convicted her on all counts, which included the element of intent to defraud. *See* United States v. Vera, 639 F. App'x 580, 581 (11th Cir. 2016) (holding that record supported 2-level enhancement under § 3C1.1 where defendant testified under oath and denied that he was involved in the charged crime); *see also* United States v. Dobbs, 11 F.3d 152, 154 (11th Cir. 1994) (discussing application of obstruction enhancement for perjury where defendant denied defrauding victim but court did not make specific findings of perjurious statements, which while preferred, was not necessary).

## II. A 2-point enhancement for More than 10 Victims is Appropriate under 2B1.1

The Sentencing Guidelines require increasing a defendant's offense level by two levels if the offense involved ten or more victims. U.S.S.G. § 2B1.1(b)(2)(A)(i).  A person is a "victim" if the individual "sustained any part of the actual loss" as determined by § 2B1.1(b)(1). Id. § 2B1.1, cmt. n.1. The Guidelines define an "actual loss" as a "reasonably foreseeable pecuniary harm that resulted from the offense." Id. § 2B1.1, cmt. n.3(A)(i).  In the instant case, as the PSI indicates, King Life Group, Dream Watch, Mazel Jewelers, Ver Ver Entertainment, Ocean Auto Club, Andrii Nikolenko, Young Towing, Bo Coates/Jeffrey Performance, 4610 SWR, Professional Audio Design, Royalty Motors, Uriel Roesenbaum, AAA Gold, LLC, and Leronza Electronic Trading, LLC were all listed as victims who provided goods or services to the Defendant as a result of her fraudulent representation that payment was made through fake wire receipts.  In total, fourteen (14) victims are listed in the PSI.  Accordingly, under U.S.S.G. § 2B1.1(b)(2)(A)(i), a two-point enhancement is appropriate. Moreover, in evaluating who qualifies as a "victim," the fact that a person who initially lost money is reimbursed for his loss does not eliminate him as a victim. United States v. Lee, 427 F.3d 881, 894-895 (11th Cir. 2005).  In *United States v. Lee*, the Eleventh Circuit held that a person who was reimbursed for his losses still qualified as a victim under § 2B1.1(b)(2)(A) because the Guidelines include reimbursed losses in related loss calculations. 427 F.3d 881, 894–95 (11th Cir. 2005). In other words, a victim who suffers losses is still a victim for Guidelines-calculation purposes even if she has been reimbursed. United States v. Green, No. 22-10785, 2023 WL 2883003, at *2 (11th Cir. Apr. 11, 2023) (Judge Raag Singhal).  Additionally, the definition of "victims" for § 2B1.1(b)(2) and restitution purposes aren't identical. *Compare* U.S.S.G. § 2B1.1 cmt. n.1 *and* 18 U.S.C. § 3663A(a)(2). While reimbursement renders the individual victims ineligible for restitution, it doesn't negate their victim status under §

2B1.1(b)(2). *See* United States v. Martin, 803 F.3d 581, 594 (11th Cir. 2015); Lee, 427 F.3d at 894–95.  Green, 2023 WL 2883003, at *2.

WHEREFORE, for the foregoing reasons, the Government objects to the PSI as calculated by U.S. Probation and states that a criminal history category of II and a total offense level of 27 is the appropriate calculation in the instant case, resulting in an advisory guidelines range of 78-97 months.

        Respectfully submitted,

        HAYDEN P. O'BYRNE
        UNITED STATES ATTORNEY

By: /s/ Marc S. Anton
    MARC S. ANTON
    Assistant U.S. Attorney
    Florida Bar No. 0148369
    500 E. Broward Blvd., Suite 700
    Fort Lauderdale, FL 33394
    Tel: (954) 660-5096
    Fax: (954) 356-7336
    Marc.anton@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        / s/ Marc S. Anton
        Assistant U.S. Attorney